**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE**

FILED (JS)
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
21 JUL 23 PM 3:37

DIVISION

**AUSTIN ROY CLARK,**

*Plaintiff,*

*V.*

**NEELI BENDAPUDI,** President of the University of Louisville, in her official and individual capacities; **LORI GONZALES**, Executive Vice President and University Provost at the University of Louisville, in her official and individual capacities; **TONI M. GANZEL,** Executive Dean of the School of Health Medicine at the University of Louisville, in her official and individual capacities; **BILL CRUMP**, Assistant Dean, University of Louisville School of Medicine, Madisonville Campus in his official and individual capacities; **OLIVIA MITTEL**, Assistant Dean, University of Louisville School of Medicine, Jackson Street in her official and individual capacities; **MONICA SHAW,** Assistant Dean, University of Louisville School of Medicine, Jackson Street Campus, in her official and individual capacities; **SARA PETRUSKA**, Clerkship, Director OBGYN Department, University of Louisville School of Medicine, Jackson Street Campus, in her official and individual capacities; **THOMAS NEELEY M.D.**, Instructor, University of Louisville School of Medicine, Madisonville Campus, in his official and individual capacities; **MOHAN ROA, M.D.** Instructor, University of Louisville School of Medicine, Madisonville Campus, his official and individual capacities;

No._____

Campus,

in

Case 3:21 CV-480-DJH

**JURY TRIAL DEMANDED**

1

**JULIANA BROWN,** Clinical Director
Internal Medicine, University of Louisville
School of Medicine, Jackson Street Campus,
in her official and individual capacities;
**JENNIFER KOCH**, Program Director,
Internal Medicine, University of Louisville
School of Medicine, Jackson Street Campus,
in her official and individual capacities;
**CHRISTINA GILES**, Resident Doctor,
University of Louisville School of Medicine,
Jackson Street Campus, in her official and
individual capacities; **JON ALEXANDER**,
Resident Doctor, University of Louisville
School of Medicine, in his official and
individual capacities; **SAMUEL
REYNOLDS**, Resident Doctor, University
of Louisville School of Medicine, Jackson
Street Campus, in his official and
individual capacities.

Defendants.

## PLAINTIFF'S VERIFIED COMPLAINT

Plaintiff, Austin Roy Clark, by and through counsel, and for his Verified

Complaint against Defendants, hereby states as follows:

## <u>INTRODUCTION</u>

1.      The guiding principle of a Medical School education is to educate and train

future members of the medical profession.  A medical education consists of a four

(4) year educational and clinical experience, then there is a residency/intern

program. Upon completion the individual is a fully licensed and independent

medical doctor.

2.     Additionally, a medical school, just like any other college campus, is a forum of discussion of medical and related issues and ideas.

3.     Further, a medical school, just like any other college campus, must allow its students to have sufficient intellectual freedom for a discussion of personal beliefs and opinions.

4.     Austin Roy Clark ("Clark") holds traditional Christian beliefs and conservative political beliefs.

5.     Unfortunately, there is also a custom of demeaning behavior directed toward medical students.  Unfortunately, such is prevalent and well documented in medical schools, including University of Louisville School of Medicine ("ULSOM").[1]

6.     Clark found such demeaning behavior directed at him to be objectionable and voiced his concerns to Defendants.

7.     The University and ULSOM Administrators failed to alleviate or correct this demeaning behavior.

8.     Defendants retaliated against Clark for exercising his rights to free speech, and have deprived him of lawful process otherwise due him.

**JURISDICTION & VENUE**

9.     This civil rights action raises federal questions under the United States Constitution, particularly the First and Fourteenth Amendments, and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

---

[1] Human Rights Violations in Medicine, Pamela Wible, M.D.

10.     This Court has original jurisdiction over these federal claims pursuant to 28 U.S.CC. § 1331 and § 1343.

11.     This Court has authority to award the requested damages pursuant to 28 U.S.C. §1343; the requested declaratory relief pursuant to 28 U.S.C. §§ 2201–02; the requested injunctive relief pursuant to 28 U.S.C. 1343 and FED. R. Civ. P. 65; and costs and attorney's fees under 42 U.S.C. § 1988.

12.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) and JOINT L. Civ. R. 3.1 because Defendants reside in this district and division and/or all of the acts described in this Complaint occurred in this district and division.

**PLAINTIFF**

13.     Clark is a resident of Kentucky.  He was admitted to ULSOM in the summer of 2017.  He completed his first two (2) years at ULSOM quite successfully.  He was a medical student on both the Jackson Street Louisville Campus and the Trover Campus in Madisonville, Kentucky.  And up to the time of his unlawful dismissal from the ULSOM, as a third year medical student.

**DEFENDANT**

14.     Defendant Neeli Bendapudi is the President of the University of Louisville.

15.     As President, Defendant Bendapudi is the Chief Executive and Administrative officer of the University.

16.     Defendant Bendapudi's authority and powers include oversight of ULSOM.

17.     Defendant Bendapudi's duties include, among others, authorizing, executing, enforcing, and implementing the policies governing students at the ULSOM.

18.     Defendant Gonzalez is, and was at all times relevant to this Complaint, the Executive Vice President of Health Affairs at the University and the Provost. As Provost she is the Chief Educational Officer.

19.     Defendant Gonzalez oversees all academic matters at the University of Louisville, including ULSOM.

20.     As President and Provost respectively, Defendants Bendapudi and Gonzalez are and were aware of the retaliatory and unconstitutional actions taken against Clark and did not instruct University personnel, including the other Defendants, to change or reverse those actions to comply with lawful mandates.

21.     As President and Provost respectively, Defendants Bendapudi and Gonzales have the authority to review, approve, or reject the decisions of other University officials, including the other Defendants.

22.     As President, and Provost respectively, either by action or neglect Defendants Bendapudi and Gonzales have, ratified the retaliatory and unconstitutional decisions regarding Clark that are challenged herein.

23.     Defendant Toni M. Ganzel, M.D., is the Executive Dean of Health Affairs and Dean of the School of Medicine at the University.

24.     As Executive Dean of Health Affairs, Defendant Ganzel directly oversees all

of the educational, health related and student related matters at ULSOM.

25.     Bill Crump, M.D., is an Assistant Dean and the Operating Dean at the Trevor

Campus, Madisonville, Kentucky. As such, he was authorized to, among other

duties, implement university policy, and review, approve or reject the decisions of

instructors on the Trover Campus.  As such, Crump has authorized and approved

the retaliatory and unconstitutional decisions regarding Clark which are

challenged herein.

26.     Olivia Mittel, M.D., is an Assistant Dean at the Jackson Street Campus.  Upon

Clark returning to the Jackson Street Campus, she required him to sign a

"professionalism" contract.  She is aware of the retaliatory actions against Clark,

but does nothing to correct said actions.  She is the recipient of the Mistreatment

Complaint filed by Clark against three (3) resident physicians.  She inappropriately

fails to correct their retaliatory behavior and allows Clark to be removed from

ULSOM.

27.     Monica Shaw, M.D.,  is an Assistant Dean at the Jackson Street Campus. She

is aware of the retaliatory actions against Clark, but does nothing to correct said

actions.  She along with Mittel is the recipient of the Mistreatment Complaint filed

by Clark against three (3) resident physicians.  She inappropriately fails to correct

their retaliatory behavior and understands Clark to be dismissed from  ULSOM.

28.     Sara Petruska, M.D., is an Assistant Dean at the Jackson Street Campus, She is aware of the retaliatory actions against Clark, but when meeting with him about the aforementioned, she blames Clark for the retaliatory conduct.

29      Thomas Neeley M.D., is an Internal Medicine instructor at the Trevor Campus. he engaged in a pattern of insulting conversations with Clark.  Such included calling him "stupid", that he "learned nothing his first two (2) years of medical school" and questioned the way Clark's "brain was working".  He further refused to allow Clark to meet with him in his office and required him to sit in a chair in the hallway and speak through an open doorway.  When Clark insisted that Neely treat him with some modicum of respect, Neely went to Assistant Dean Crump and insisted that Clark leave the Madisonville Campus.

30.     Mohan Rao, M.D., is a surgical instructor at the Trevor Campus.  He has never had Clark as a student.  In fact, he has never met Clark.  However, he supported Neeley in his insulting behavior toward Clark and supported Clark in having Clark removed from the Trevor Campus.

31.     Julianna Brown, M.D., is the clerkship director of the Internal Medicine program at the Jackson Street Campus.  Despite having passed his SHELF examination and otherwise obtaining a passing grade for the Internal Medicine Clinic, she chose to take the incorrect and retaliatory opinions of the three residents identified in this complaint, as well as  her own incorrect and retaliatory

opinions to fail Clark in the Internal Medicine class.  Such resulted in Clark being expelled from ULSOM.

32.     Jennifer Koch, M.D., is the Program Director of the Internal Medicine program at the Jackson Street Campus.  Despite Clark having never met or otherwise knowing Jennifer Koch, M.D. and having passed his SHELF examination and otherwise obtaining a passing grade for the Internal Medicine Clinic, she chose to take the incorrect and retaliatory opinions of the three residents named in this complaint, as well as, her own retaliatory opinion to fail Clark in the Internal Medicine class.  Such resulted in Clark being expelled from ULSOM.

33.     Jon Alexander, M.D., is a physician resident at the Jackson Street Campus. He initially signs a memo asserting that Clark exceeds performance expectations. Alexander then, for no good reason engages Clark in a mildly oppositional conversation which is demeaning to Clark.  Clark responds advising such communication is not appropriate.  Alexander then emails Julianna Brown and requests that Clark fail Internal Medicine class.

34.     Cristina Giles, M.D., is a physician resident at the Jackson Street Campus. She initially signs a memo asserting that Clark exceeds performance expectations. Approximately two (2) weeks later Giles emails Julianna Brown that Clark has shown poor performance in the Internal Medicine Clinic.

35.     Samuel Reynolds, M.D., is a physician resident at the Jackson Street Campus. He is a friend of Jon Alexander.  At the request of Alexander, Reynolds engages in

an unwarranted assault on Clark and advises Clark that he is not an individual who is wanted to be on their medical team.

## FACTUAL BACKGROUND

36.     ULSOM selects only the best candidates which it believes have the intellectual rigor and personal fortitude to complete the difficult learning process and achieve a medical degree.

37.     Plaintiff was admitted to ULSOM in July 2017.  In order to be admitted to ULSOM, Plaintiff passed a rigorous admission process.

38.     Clark achieved passing grades and completed the standard first year curriculum. This instruction took place on the Jackson Street campus.

39.     Clark achieved objectively passing grades in all courses and completed the standard second year curriculum.  This instruction took place on the Jackson Street Campus.

40.     As part of his second year at ULSOM Clark, as president of a student organization, Students For Life invited a speaker to make a presentation as to when life actually began.

41.     This generated substantial opposition from some faculty and students. Some of the flyers announcing the presentation were removed from the place they had been posted.  ULSOM requested that Clark and his organization pay for security and for the first time at ULSOM, after the presentation ULSOM limited the space and locations where posting speaker announcements could occur.

42.    Clark admits that the speaker put forth ideas that are not held by the majority of the students or faculty at ULSOM.

43.    In the summer of 2019, Plaintiff began his third year at ULSOM. This curriculum is located on the Trevor Campus in Madisonville, Kentucky.

44.  After successfully completing the Family Medicine course, the next class is Obstetrics and Gynecology. On/about 30 July 2019, Plaintiff participated in a verbal oppositional activity with Defendant Neely. Neely called Clark "stupid" and other untrue and derogatory terms. Clark insisted to Neely that as a student he was not immune from instructional criticism, but that demeaning, derogatory terms directed at him were inappropriate and unprofessional.

45.    That same day Neeley had a conversation with Defendant Rao, a surgical instructor about his interaction with Clark. Both instructors then went to Bill Crump, the Assistant Dean and administrator of Defendants Trover Campus.

46.    After the conversation mentioned above, instructor Neeley refused to meet with Plaintiff in his office. All further office conversations required Plaintiff to sit in a chair in the hallway and speak through the doorway to Neely.

47.    On/about 01 August 2019, as a result of the actions of Rao and Neely, and their conversations with Crump, Clark is advised that it is not in his best interest for him to return to the Trover Campus.

48.    On/about 05 September 2019, Defendant Olivia Mittel required Clark to sign a "Professionalism Contract". Mittel also required Clark to take a medical leave

due to depression and mental health developments that arose at least in part to the retaliatory conduct from Thomas Neely and Mohan Rao.

50.    On/about 01 October 2019, Sara Petruska and Defendant Olivia Mittel met with Plaintiff to discuss "his insight" regarding the retaliatory conduct from Thomas Neely and Mohan Rao.

51.    On/about 01 February 2020, Christina Giles, a resident physician in the internal medicine clinic, presented a failing performance evaluation for Plaintiff. Earlier in the class, Giles awarded an evaluation in which she stated that Plaintiff exceeded performance expectations.

52.    On/about 07 February 2020, Plaintiff engaged in a verbal oppositional activity with Jon Alexander, a resident physician in the internal medicine clinic. After the contested conversation, Alexander issued a failure for the Internal Medicine Clinic, despite having previously issued a memorandum stating that Plaintiff had actually exceeded expectations.

53.    On/about 12 February 2020, Plaintiff was harassed by Samuel Reynolds, a resident physician in the Internal Medicine Program and friend of Jon Alexander.

54.    On/about 10 February 2020, Samuel Reynolds emails the Internal Medicine Clerk and recommends Plaintiff be removed from the Internal Medicine Clinical Program.

55.    Clark made a request for a meeting with ULSOM's student affairs committee in order to maintain his student status at ULSOM.  As part of his preparation for

such, Clark requested emails and documents from ULSOM which he believed

necessary to ensure that his defense would be complete and professional.  ULSOM

denied most of his request and limited his presentation at the meeting.

56.     The student affairs committee recommended Clark's dismissal from

ULSOM.

57.     On 24 July 2020, Defendant Ganzel upheld the recommendation of the

student affairs committee and issued a letter to Clark dismissing him from the

ULSOM.

### STATEMENT OF LAW and IRREPARABLE HARM

58.     At all times relevant to this Complaint, each and all of the acts and policies

alleged herein were attributed to Defendants who acted under color of a statute,

regulation, or custom of the Commonwealth of Kentucky, that is Defendants acted

under color of state law and authority.

59.     Defendants knew or should have known that they were violating Plaintiff's

constitutional rights by subjecting Plaintiff to retaliatory adverse disciplinary

actions, including but not limited to removing him from student medical teams,

issuing failing grades despite academically passing the courses, and removing him

from ULSOM.  This was done because of his political and religious beliefs as

exhibited by his activities in the campus organization, Students For Life and

because of his verbal attempts to obtain a modicum of respect as a medical

student in an incredibly repressive environment.

60.     The ULSOM failed to act carefully and deliberately and acted in an arbitrary and capricious manner that substantially departed from accepted academic norms in the dismissal of Clark.

61.     The decisions that led to the violation of Plaintiff's constitutional rights remain in full force and effect.

62.     Under the First and Fourteenth Amendments and under 42 USC § 1983 and § 1988 Clark is entitled to appropriate relief as set forth herein.

63.     Clark has suffered irreparable harm and is suffering irreparable harm from Defendant's retaliatory and discriminatory decisions challenged here.

64.     Clark has no adequate or speedy remedy at law to correct the deprivation of his rights by Defendants.

65.     Defendants' actions and policies, as set forth above, do not serve any legitimate or compelling state interest and are not narrowly tailored to serve any such interests.

66.     Defendants' retaliatory and discriminatory decisions are not narrowly tailored as applied to Clark because Clark's expression does not implicate any of the legitimate interests Defendants might have.

67.     Unless the decisions of Defendants are enjoined, Clark will continue to suffer irreparable injury.

### FIRST CAUSE OF ACTION
### Violation of Plaintiff's First Amendment Right to Freedom of Speech
### Retaliation
### (42 U.S.C. § 1983)

68.    Plaintiff repeats and realleges each of the allegations contained in this

Complaint.

69.    By punishing Austin Roy Clark by providing him with unfounded failing

grades and removal for ULSOM for expressing his pro-life and religious views

which is in protected speech, Defendants violated his First Amendment rights.

70.    When Clark communicated his views regarding the proper treatment of

medical students experiencing overly-demanding and inappropriate treatment

and harassment, he was speaking on a matter of public concern, engaging in

speech related to teaching and scholarship, and engaging in expression the First

Amendment protects.

71.    Clark's interest, as a medical student, at a public university, in discussing

matters of public concern in the context of teaching and scholarship outweighs

Defendants' interest in the efficient provision of services.

72.    Defendants subjected Austin Roy Clark to adverse actions due to the

content and viewpoint of Clark's speech.

73.    Defendants' retaliatory and unconstitutional actions taken against Clark

violate his right to free speech as guaranteed by the First Amendment to the

United States Constitution.

**SECOND CAUSE OF ACTION**
**Violation of Plaintiff's First Amendment Right to Freedom of Speech**
**Content & Viewpoint Discrimination**

74.    Plaintiff repeats and realleges each of the allegations contained in his Complaint.

75.    By punishing Clark for expressing his views regarding the sanctity of life, beginning at conception, and its religious origins, Defendants have engaged in content and/or viewpoint discrimination in violation of the First Amendment.

76.    Defendant evaluated the content and viewpoint of Clark's speech to determine whether they would take any adverse academic actions against him based on what he said.

77.    Defendants considered the content and viewpoint of Austin Roy Clark expression when they decided to take adverse academic actions against him.

78.    Defendants' retaliatory and unconstitutional actions taken against Clark are unconstitutionally overbroad because they restrict a significant amount of constitutionally protected speech.

79.    Defendants' retaliatory and unconstitutional actions taken against violate his right to free speech as guaranteed by the First Amendment to the United States Constitution.

### THIRD CAUSE OF ACTION
### Violation of Plaintiff's Fourteenth Amendment Right to
### Procedural Due Process of Law
### (42 U.S.C. § 1983)

77.    Plaintiff repeats and realleges each of the allegations contained in this Complaint.

15

78.     That the administrative policies and practices of ULSOM are implemented in

an arbitrary and capricious fashion and the faculty of the School of Medicine did

not dismiss him in a careful and deliberate manner and did so in a manner that

substantially departed from accepted academic norms.

     Specifically, the highly-questionable awarded evaluations and coupled with

the idea that Austin Roy Clark was not able to determine the number or identity of

the decision makers.  The official record of the meeting and the dismissal vote is at

best an intentional misrepresentation and at worse fraudulent, as the record does

not identify all persons present and the record falsely asserts that persons who

were not present, were present and voted against him. He was not afforded copies

of or access to documents necessary for his presentation and defense despite

repeated requests.

79.     That by failing to conduct a meeting that comports with a careful and

deliberate process and in an arbitrary and capricious manner that substantially

departed from accepted academic norms  in his removal from ULSOM violates his

right to procedural due process.

80.     That there are no uniform standards equally applied to students by which to

determine academic success and failure.  By failing him under vague,

ever-changing, and/or nonexistent standards, at the sole discretion of faculty

motivated by bad-faith, ill-will, and impermissibility, Defendants have violated

and are violating Clark's right to due process of law under the Fourteenth

Amendment.

81.     Defendants' adverse academic actions against Austin Roy Clark punished

him for engaging in constitutionally protected expression in violation of Austin

Roy Clark's right to due process of law under the Fourteenth Amendment.

82.     They rely on assessments that are due to absolute discretion and elude any

precise measurement that would be consistent from one to another. When coupled

with ill-will, impermissibility, and bad-faith motivations, these are by definition

arbitrary and capricious.

83.     The lack of standardization of criteria, factors, or standards in Defendants'

adverse academic actions motivated by ill-will and bad-faith renders these

actions unconstitutionally vague and in violation of Clark's right to due process of

law under the Fourteenth Amendment.

### FIFTH CAUSE OF ACTION
### Violation of Plaintiff's Fourteenth Amendment Right to
### Equal Protection of the Law
### (42 U.S.C § 1983)

84.     Plaintiff repeats and realleges each of the allegations contained in this

Complaint.

85.     By punishing Clark for expressing his views regarding the proper treatment

of medical students, abortion, and the application of Christianity to the practice of

medicine, when there are students who, when expressing a contrary view, or

otherwise engaging in "unprofessional behavior" are not subject to the same restrictions or academic discipline.

86.     Defendants take no adverse academic actions against students who take such contrary positions to that executed by the plaintiff.

67.     Defendants' retaliatory and unconstitutional actions against Clark violate his right to equal protection under law.

## PRAYER FOR RELIEF

WHEREFORE, Clark respectfully requests that this Court enter judgment against Defendants and provide him with the following relief:

A. A declaratory judgment that Defendants' actions in removing Clark from ULSOM violates;

B. A preliminary and permanent injunction ordering Defendants sued in their official capacities, their agents, officials, servants, employees, and any other persons acting on their behalf:

1. To restore Clark's as a student in good standing and academically eligible at ULSOM.

2. To purge Clark's student file of any negative reference to his removal from ULSOM.

C.  Nominal, compensatory, and punitive damages for the violation of Clark's First and Fourteenth Amendment rights.

D.  Clark's reasonable attorneys fees, costs, and other costs and disbursements in this action pursuant to 42 U.S.C. § 1988.

E.  All other further relief to which Clark may be entitled.

Respectfully submitted this 23rd day of July 2021.

TIMOTHY DENISON
235 South Fifth Street
Third Floor
Louisville, Kentucky 40202
Telephone: 502-589-6916
Email: timothydenison1965@gmail.com
Attorney for Clark

ROBERT FREDERICK SMITH
9219 US Highway 42
Suite D-106
Prospect, Kentucky 40059
Telephone: 502-592-3407
Email: rfcsmith@me.com
Attorney for Clark

## DECLARATION UNDER PENALTY OF PERJURY

I, Austin Roy Clark, a citizen of the United States and a resident of the State of Kentucky, here declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing, that the foregoing is true and correct to the best of my knowledge and that the foregoing statements that pertain to me are based on my personal knowledge.

Executed this 23rd day of July 2021, at Louisville, Kentucky.

Austin Roy Clark