**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

*(Electronically Filed)*

| | |
|---|---|
| AUSTIN CLARK, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 3:21-CV-480-DJH |
| v. ) | |
| ) | |
| UNIVERSITY OF LOUISVILLE, et al., ) | |
| ) | |
| ) | |
| ) | |
| Defendants ) | |

## OBJECTION TO PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME

Defendants Neeli Bendapudi, Lori Gonzalez, Toni Ganzel, Olivia Mittel, and Monica Shaw (collectively "Served Defendants") and the University of Louisville, specially appearing, hereby submit this Objection to Plaintiff's Second Motion for an Extension of Time and respectfully request the Court deny Plaintiff's motion.

Austin Clark was dismissed from the University of Louisville School of Medicine on July 27, 2020. Clark chose to file this lawsuit nearly a year later, on July 23, 2021, only five days before the end of the statute of limitations period for § 1983. (*See* DN 1.) On August 10, 2021, Clark filed his Amended Complaint, adding additional allegations.[1] (DN 4.) Clark sued the University of Louisville and *fourteen* individual defendants, yet he has failed to serve the fifteen defendants through a lack of diligence.

---

[1] Clark also attempted to plead an additional cause of action, Violation of Plaintiff's Fourteenth Amendment Right to Substantive Due Process of Law, in his Amended Complaint, though the statute of limitations on § 1983 claims had run, at the latest, on July 27, 2021. (*See* DN 4.)

The Court granted a prior request to extend the period required by Federal Rule of Civil Procedure 4(m) by an additional 30 days. (*See* DN 8.) Notably, Clark did not file a request for an extension with the Court until *after* the Court issued an Order to Show Cause. (DN 5-7.) Clark served Defendants Bendapudi, Gonzalez, Ganzel, Mittel, and Shaw on November 19, 2021. Clark has now had more than the requisite time period to serve all the defendants in this case; yet he has failed to do so.

Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But **if the plaintiff shows good cause** for the failure, the court must extend the time for service for an appropriate period." Fed. Rule Civ. Proc. 4(m) (emphasis added).

The Court does not have personal jurisdiction over a defendant until the defendant has been properly served. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Plaintiff has failed to show "good cause" for why he was unable to effectuate service in the requisite time period. *See Charles v. Lee Cty.*, Civil Action No. 5: 19-479-DCR, 2020 U.S. Dist. LEXIS 67859, at *2 (E.D. Ky. Apr. 17, 2020) (declining to extend the time to effectuate service in light of plaintiffs' "lackadaisical attitude toward completing service"); *Garner v. City of Memphis*, 576 F. App'x 460, 463 (6th Cir. 2014) ("Establishing good cause is the responsibility of the party opposing the motion to dismiss and necessitates a demonstration of why service was not made within the time constraints. Inadvertent failure or half-hearted efforts to serve do not constitute good cause.") (internal citations and quotations omitted).

Even if Clark's behavior were excused the first time he requested an extension, he has failed to demonstrate good cause for a further extension. In his previous Response, Clark accused

Defendants of evading service without any evidence about Defendant's actions. (*See* DN 6, 7.) In reality, Clark's failure to serve Defendants was due to his own lack of diligence. Not only did Clark wait until the eve of the statute of limitations ran before he brought suit, he waited until the end of the service period to attempt to effectuate service. In addition, he failed to include the correct addresses on his summons.[2] (*See* DN 3.) "Simply stated, achieving proper service upon a defendant within the time allowed under Rule 4(m) is a plaintiff's responsibility. *Charles*, 2020 U.S. Dist. LEXIS 67859, at *5 (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

In his Motion, Clark also alleges that Plaintiff's Counsel attempted to contact Defense Counsel for the first time to ascertain whether counsel has authority to waive service.[3] The undersigned counsel are aware of no such efforts. Nor are they aware of any efforts during the time between the commencement of suit and the expiration of the service period to contact undersigned Counsel, University Counsel, or any other University official to ask how to effectuate service.

Plaintiff has shown no good cause for his delay. Accordingly, the Court should decline to grant his second motion for enlargement of time.

                                        Respectfully submitted,

                                        /s/ Sarah Abshear
                                        Donna King Perry
                                        Sarah Abshear
                                        Dinsmore & Shohl LLP
                                        101 South Fifth Street, Suite 2500
                                        Louisville, KY 40202
                                        (502) 540-2300
                                        donna.perry@dinsmore.com
                                        sarah.abshear@dinsmore.com
                                        *Counsel for Defendants*

---

[2] In some instances, the addresses were non-existent.
[3] The Notice of Appearance Defendants cite was entered on behalf of all Defendants, rather than the Served Defendants, due to a clerical error.

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and accurate copy of the foregoing was served via the Court's electronic case management system (CM/ECF) on this 14th day of December, 2021, upon the following:

Timothy Denison
235 South Fifth Street
Louisville, KY 40202
(502) 589-6916
Timothydenison1965@gmail.com

Robert Frederick Smith
9219 U.S. Highway 42
Prospect, KY 40059
(502) 592-3407
rfcsmith@me.com

*Counsel for Plaintiff*

                /s/  Sarah Abshear
                *Counsel for Served Defendants*